UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| HAP TAYLOR & SONS, INC. d/b/a KNIFE RIVER, an Oregon corporation doing business as Knife River,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>DENNIS KROMANN and IRMA KROMANN, husband and wife, WILLIAM H. WEAVER, PE/LS, individually; and ALL PERSONS IN POSSESSION OR CLAIMING ANY RIGHT TO POSSESSION,<br><br>　　Defendants. | Case No.: CV 08-00449-S-EJL-REB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |
| WILLIAM H. WEAVER, PE/LS, individually<br><br>　　Counterplaintiff,<br><br>　　vs.<br><br>HAP TAYLOR & SONS, INC. d/b/a KNIFE RIVER, an Oregon corporation doing business as Knife River,<br><br>　　Counterdefendant. | |
| WILLIAM H. WEAVER, PE/LS, individually,<br><br>　　Cross-Claimant,<br><br>　　vs.<br><br>DENNIS KROMANN and IRMA KROMANN, husband and wife, and DOES I-X, whose true names are unknown representing ALL PERSONS IN POSSESSION OR CLAIMING ANY RIGHT TO POSSESSION<br><br>　　Cross-Defendants | |

**Order Adopting Report and Recommendation - 1**

| WILLIAM H. WEAVER, PE/LS, individually, | |
| --- | --- |
| Third-Party Plaintiff, | |
| vs. | |
| ANB FINANCIAL N.A., a national association; PIONEER TITLE COMPANY OF ADA COUNTY, an Idaho corporation; NORTHWEST TRUSTEE SERVICES, INC., an Idaho corporation, | |
| Third-Party Defendant | |

On August 4, 2010, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation, recommending that the Third-Party Defendant's Motion for Summary Judgment be denied. Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections within ten days after being served with a copy of the magistrate's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

The Third-Party Defendant, Federal Deposit Insurance Corporation (FDIC), filed objections challenging the Report and Recommendation's conclusion that 12 U.S.C. § 1821(d)(6) requires that the claiming party actually receive the mailed notice of disallowance of claim. (Dkt. No. 51.) Such conclusion, the FDIC argues, is contrary to the

plain text of the statute, the applicable case law, and the policy underpinnings of the statute. The Third-Party Claimant, William H. Weaver, PE/LS, responded to the objections asserting the Report and Recommendation are correct; particularly in light of the fact that it is undisputed that neither he nor his attorney ever received the notice evidencing the FDIC's failure to comply with the mailing requirements of 12 U.S.C. § 1821(d)(5)(A)(iii). The FDIC has filed a reply. The Court has considered the parties' contentions and conducted a de novo review of the record and finds as follows.

## Discussion

The issue in this case turns on the interpretation of the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA). "Congress enacted FIRREA in 1989 in response to the growing crisis in the financial industry. Its goal was to provide a detailed regulatory framework so as to restore the financial integrity of the thrift industry's deposit insurance fund and to provide funds from public and private sources to deal expeditiously with failed depository institutions." *Betancourt v. F.D.I.C.*, 851 F.Supp. 126, 129 (S.D.N.Y. 1994) (citations omitted). Thus, "FIRREA establishes a claims determination procedure by which the creditors of a failed institution must first present their claims to the FDIC as receiver before pursuing a judicial remedy." *Guglielmi v. F.D.I.C.*, 863 F.Supp. 54, 56 (D.R.I. 1994) (citing 12 U.S.C. § 1821(d)). "The primary purpose of the exhaustion scheme is to allow the FDIC to perform its statutory duty of efficiently resolving claims without resort to litigation." *Id.* (citation omitted). "FIRREA granted the FDIC broad powers in its capacity as receiver to determine claims against the failed institutions, and established a comprehensive

administrative claim process, adherence to which is a prerequisite to judicial review of those claims." *Betancourt*, 851 F.Supp. at 129.

The claims process begins when, after the FDIC is appointed receiver of a failed institution, the FDIC "promptly publish[es] a notice to ... creditors to present their claims, together with proof, to the receiver" by a specified date no less than 90 days from the date of publication. 12 U.S.C. § 1821(d)(3)(B). The FDIC must also mail a similar notice to all known creditors of the institution at their last address appearing on the institution's books. 12 U.S.C. § 1821(d)(3)(C). Creditors must then present their claims with the requisite proof and the FDIC has 180 days to determine whether to allow or disallow it. 12 U.S.C. § 1821(d)(5)(A)(i). "Upon disallowance, or in the event that the FDIC fails to make a determination within the 180 day period, claimants have the right to seek either administrative or judicial review in a district court, provided they do so within 60 days of the disallowance or end of the 180 day period (whichever is earlier)." *Betancourt*, 851 F.Supp. at 130 (citing 12 U.S.C. § 1821(d)(6)(A)). Failure to adhere to the statutory time constraints is fatal.

"If a claimant does not submit his claim until after the date specified in the FDIC notice to creditors, section 1821(d)(5)(C)(i) directs that the untimely claim 'shall be disallowed and such disallowance shall be final.' Similarly, where a claimant fails to seek review of an FDIC disallowance within the allotted 60 day period, section 1821(d)(6)(B) directs that the claim 'be deemed to be disallowed ..., such disallowance shall be final, and the claimant shall have no other rights and remedies with respect to such claim.' Finally, the

**Order Adopting Report and Recommendation - 4**

statute expressly limits the jurisdiction of the district courts to claims that have first been presented to the receiver." *Betancourt*, 851 F.Supp. at 130.

In this case, the sum and substance of the FDIC's objections to the Report and Recommendation center around the question of when the 60-day time for filing a claim contained in 12 U.S.C. § 1821(d)(6) is triggered. The FDIC maintains the time runs from either the date on the notice of disallowance or from the date such notice is mailed. (Dkt. No. 51.) Mr. Weaver counters that the 60-day time runs from the date the notice of disallowance is received by the claimant which, in this case, it is undisputed that it was never received. Having reviewed the parties' Motion, briefing, and the entire record in these matters, the Court finds the Report and Recommendation has correctly decided the Motion.

**1.**   *Compliance with the 12 U.S.C. § 1821(d)(6)(A)(ii) 60-Day Limitations Period*

On April 8, 2008, Mr. Weaver filed a Claim of Lien against the real property secured by a loan from ANB Financial, N.A. and filed an Answer, Counterclaim, Cross-Claim, and Third-Party Complaint in state court. Thereafter, on May 9, 2008, the FDIC was appointed as Receiver for ANB Financial and, on October 8, 2008, it notified Mr. Weaver to submit a Proof of Claim on or before January 6, 2009. On October 17, 2008, Mr. Weaver, through his counsel, mailed his Proof of Claim on from the following address:

> [signature of William L. Smith]
> Smith Law, P.A.
> 5987 W. State St.
> Boise, ID 83703-5056

(Dkt. No. 29-1.) The FDIC's February 23, 2009 Notice of Disallowance of Claim was addressed to:

> William Weaver
> 5987 W. State St.
> Boise, ID 83703-5056

(Dkt. No. 29-2.)[1] Mr. Weaver did not receive the Notice until September 16, 2009. (Dkt. No. 30, Att. 5.)

The question here is when the 60-day time period began. The Report and Recommendation concluded that the 60 days began on the date Mr. Weaver received the Notice on September 16, 2009. The FDIC disagrees and objections challenging the Report and Recommendation's interpretation of the plain text of the statute, the case law, the policy underpinnings of FIRREA, and the contents of the Notice. The Court takes up these objections in turn below.

### A.    *Plain Language*

The Report and Recommendation properly set for the standard for statutory interpretation. (Dkt. No. 50, pp. 10-11.) The particular provision in question on this Motion is 12 U.S.C. § 1821(d)(6), which states:

(6)    Provision for agency review or judicial determination of claims
    (A)    In general

---

[1] The physical address on the Notice corresponds to the office occupied by Mr. Weaver's counsel until March 1, 2009 at which time his counsel moved offices. Counsel had submitted forwarding forms to the United States Postal Service to be effective March 1, 2009. However, because the Notice was addressed to William Weaver and not in the name of his counsel or the prior and new names of his counsel's law firm, the United States Postal Service may not have forwarded the Notice as it did not reflect the correct name from the forwarding forms.

**Order Adopting Report and Recommendation - 6**

> > Before the end of the 60-day period beginning on the earlier of--
> > (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or
> > (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).
> > (B) Statute of limitations
> > If any claimant fails to--
> > (i) request administrative review of any claim in accordance with subparagraph (A) or (B) of paragraph (7); or
> > (ii) file suit on such claim (or continue an action commenced before the appointment of the receiver),
>
> before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

18 U.S.C. § 1821(d)(6). The notice required by § 1821(d)(6) refers explicitly to § 1821(d)(5) which states in relevant part:

> > (5) Procedures for determination of claims
> > (A) Determination period
> > (i) In general
> > Before the end of the 180-day period beginning on the date any claim against a depository institution is filed with the Corporation as receiver, the Corporation shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such claim.
> > (ii) Extension of time
> > The period described in clause (I) may be extended by a written

**Order Adopting Report and Recommendation - 7**

> agreement between the claimant and the Corporation.
> (iii) Mailing of notice sufficient
>
> The requirements of clause (i) shall be deemed to be satisfied if the notice of any determination with respect to any claim is mailed to the last address of the claimant which appears--
> (I) on the depository institution's books;
> (II) in the claim filed by the claimant; or
> (III) in documents submitted in proof of the claim.

18 U.S.C. § 1821(d)(5).

The FDIC's interpretation focuses upon § 1821(d)(6)(A)'s reference to § 1821(d)(5)(A)(i) in its interpretation. Under § 1821(d)(5)(A)(i) the FDIC must notify the claimant of whether it will allow or disallow the claim within 180-days of the filing of such claim. Such noticing requirement is satisfied "if the notice of any determination with respect to any claim is mailed to the last address of the claimant" appearing in the institution's books, in the claim, or in the documents submitted in the Proof of Claim. 12 U.S.C. § 1821(d)(5)(A)(iii). Thus, the FDIC argues, the date of mailing, February 23, 2009, triggers the 60-day time period. In support of its interpretation, the FDIC notes there is no reference to "receipt" in these statutes and had Congress intended such it would have so included the word in the statute.

The FDIC is critical of the Report and Recommendation arguing it failed to read § 1821(d)(6) in conjunction with its reference to § 1821(d)(5)(A)(i). (Dkt. No. 51, p. 6, n. 2.) The Report and Recommendation did, however, read § 1821(d)(6) in conjunction to (d)(5)(A)(i), and(d)(5)(A)(iii). *See* (Dkt. No. 50, pp. 8-10.) In so doing, the Report and

**Order Adopting Report and Recommendation - 8**

Recommendation noted that § 1821(d)(5)(A)(i) "defines the time period (180 days) within which the FDIC must consider and allow/disallow a Proof of Claim." (Dkt. No. 50, p. 9 n. 3.) Similarly, the Report and Recommendation concluded that "[w]hile [§ 1821(d)(5)(A)(iii)] appears to permit FDIC to notify a claimant via mail, it offers no assistance as to when notice is actually accomplished - specifically, when the 60-day period, pursuant to [§ 1821(d)(6)(A)] begins to run." (Dkt. No. 50, p. 10 n. 4.)

This Court agrees with the Magistrate Judge's interpretation of the plain meaning of the statute. The language of § 1821(d)(5)(A)(i) and (iii) provide the time period in which the FDIC must consider claims and provide notice of whether it will allow or disallow the claims. These statutes also allow the FDIC to provide such notice by way of mailing the same to the claimant at the addresses located on "the depository institution's books, in the claim filed by the claimant; or in documents submitted in proof of the claim." 12 U.S.C. § 1821(d)(5)(A)(iii). Doing so invokes the presumption in favor of the FDIC that an item properly mailed was received by the addressee. *See Konst v. Florida East Coast Railway Co.*, 71 F.3d 850, 851 (11th Cir. 1996) ("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee."); *see also In re Enrol Corp.* 2006 WL 897863 (Bkrtcy. S.D.N.Y. 2006) ("A rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was addressed and mailed. Evidence of actual mailing, in the form of an affidavit submitted by an individual who supervised the mailing is sufficient to allow

**Order Adopting Report and Recommendation - 9**

the presumption to arise." This presumption has been applied in the FIRREA context. *See Betancourt*, 851 F.Supp. at 132 (finding the proper addressing and mailing of notice by the FDIC "creates a rebut table presumption of receipt by a creditor.").[2]

This presumption is applicable here. The FDIC has shown that it addressed and mailed the Notice to the last known address for the claimant.[3] The Court is not troubled by the fact that the mailing was sent in Mr. Weaver's name but addressed to his counsel's physical location. Thus, the FDIC enjoys the presumption that its mailing of the Notice was received by the claimant. The presumption, however, is rebuttable. *See Betancourt*, 851 F.Supp. at 130-131. "Additional evidence, other than an addressee's mere denial of receipt, is required to rebut the presumption that the addressee received a properly addressed notice." *In re Enrol Corp.* 2006 WL 897863 (Bkrtcy. S.D.N.Y. 2006) (citations omitted). In this case, the presumption has been soundly rebutted.

Here, the Return Receipt for the Notice reveals it was delivered to John Wills on March 10, 2009 in Dallas, Texas. (Dkt. No. 29, Att. 2 and Dkt. No. 30, Att. 6.) There is no dispute that the February 23, 2009 FDIC notice was not received by Mr. Weaver or his counsel until September 16, 2009 when it was included in a letter sent by counsel for the

---

[2]The question in *Betancourt* was to determine whether a creditor had received notice of appointment of receiver in the context of FIRREA's exception for claimants who do not receive notice of the receiver's appointment in time to file a timely claim but who files a claim in time to permit payment. *Id.*; *see also* 12 U.S.C. § 1821(d)(5)(C)(ii).

[3] It is clear that notice to the claimant's attorney of record in a pending lawsuit concerning the claim satisfies FIRREA's notice by mail requirements. *See McLaughlin v. Federal Dep. Ins. Corp.*, 796 F.Supp. 47, 48-49 (D. Mass. 1992); *Guglielmi*, 863 F.Supp. at 58.

**Order Adopting Report and Recommendation - 10**

FDIC. In *Betancourt*, the court recognized that receipt is relevant to determining the adequacy of such notice. *Betancourt*, 851 F.Supp. at 132 (citing *Althouse v. Resolution Trust Corp.*, 969 F.2d 1544, 1545 (3rd Cir. 1992)). As such, the Court agrees with the conclusion in the Report and Recommendation that the presumption of receipt is rebutted or, at the very least, there is a genuine issue of material fact precluding entry of summary judgment. (Dkt. No. 50, p. 13-14.)

   *B.     Case Law*

The FDIC next contends the Report and Recommendation's conclusions are contrary to the case law. (Dkt. No. 51, p. 9.) In particular, the FDIC points to *Robson v. Resolution Trust Corp.*, *Guglielmi v. F.D.I.C.*, and *Reierson v. Resolution Trust Corp.* as case law supporting its interpretation that FIRREA is not concerned with the claimant's receipt of notice but, instead, with the date of mailing.[4] In *Guglielmi*, the claimants disputed, among other things, whether the notice of receivership was sent to the right individuals pursuant to § 1821(d)(3)(C) because it was mailed to the claimants' prior counsel and there was a question of whether he had received such notice. 863 F.Supp. at 56. In its interpretation of § 1821(d)(3)(C), the *Guglielmi* court found no error on the part of the FDIC to mail its notice

---

[4] *Robson v. Resolution Trust Corp.*, No. Civ. A. 2:93-2614-22, 1994 WL 874231 (D.S.C. 1994), *Guglielmi v. F.D.I.C.*, 863 F.Supp. 54 (D.R.I. 1994), and *Reierson v. Resolution Trust Corp.*, 806 F.Supp. 1408 (D. Minn. 1992). Notably, *Reierson* was later overruled by the Eighth Circuit who found the FDIC's mailing of a notice of appointment of receiver to the trustee does not satisfy the notice requirement. *Reierson*, 16 F.3d 889, 892 (8th Cir. 1994). Therefore, the Eighth Circuit found a question of fact existed as to whether the claimant had received notice of the appointment of the receiver such that he may fall within the § 1821(d)(5)(C)(ii) exception for filing a claim. *Id.*

**Order Adopting Report and Recommendation - 11**

to the prior counsel as that was the counsel of record at the time of the mailing. As to the claimants' challenge that the notice was not received by prior counsel, the court stated:

> the receipt of notice is irrelevant within the FIRREA scheme. FIRREA only requires the FDIC to mail the notice to any claimant at the claimant's last address appearing in the institution's records; it does not require the FDIC to ensure that claimants actually receive the mailed notice. 12 U.S.C. § 1821(d)(3)(C). "The statute does not burden the FDIC with the task of making an independent investigation into the claimant's current address." *McLaughlin v. FDIC*, 796 F.Supp. 47, 49 (D. Mass.1992).

*Guglielmi*, 863 F.Supp. at 58. The *Guglielmi* decision involved the § 1821(d)(3)(C)'s notice to a depository institution's creditors of possible claims which is akin to but different than the issue presented here regarding the Notice of Disallowance of Claim made pursuant to § 1821(d)(6)(A). Further, the decision in *Guglielmi* went to whether the third-party defendants had properly exhausted their administrative remedies as required under FIRREA. Though instructive, the Court finds this case is not dispositive here because Mr. Weaver has diligently pursued his claim to the FDIC and, unlike in *Guglielmi*, is not attempting to circumvent the exhaustion requirement.

In *Robson*, the decision discussed the question of whether or not § 1821(d)(6)(A)'s 60-day time period had been waived or extended by agreement. *Robson*, 1994 WL 874231, at *2-4. There the court concluded the record did not support the claimant's argument that any such waiver or extension existed. The court also dismissed, with little discussion, the claimant's passing argument that the 60-day time period should run from the time of receipt of the Notice of Disallowance stating such a "construction...contradicts the plain language"

of § 1821(d)(6)(A). *Robson*, 1994 WL 874231, at *3. Though this case addresses the same statute as is presented here, the *Robson* decision certainly did not turn on this issue nor give any authority for its conclusion.

The Report and Recommendation also considered both the *Robson* and *Guglielmi* cases and distinguished them on the basis that they involved facts where the claimants had actually received the FDIC's mailed notice whereas here it is undisputed that neither Mr. Weaver nor his counsel received the notice until well after it was mailed. (Dkt. No. 50, p. 14, n. 9.) Instead, the Report and Recommendation took instruction from *Laurenzano v. Crossland Savings Bank, FSB*, 837 F.Supp. 514 (E.D.N.Y. 1993) which concluded that the "60 days runs from the date of receipt of notice." (Dkt. No. 50, p. 11.)

The FDIC objects to the reliance on the *Laurenzano* decision for the same reason raised in its plain language statutory interpretation argument raised above - that the court failed to consider the reference to § 1821(d)(5)(A)(i) which requires the notice to actually be mailed in order to trigger the 60-day time period. (Dkt. No. 51, pp. 12-13.) The *Laurenzano* court, however, did consider the notice mailing requirements contained in § 1821(d)(5)(A)(i) and (iii) finding those "sections [do] not define when the sixty-day period begins to run." *Laurenzano*, 837 F.Supp. at 516. Instead, the court determined that the "F.D.I.C. may be entitled to an inference that claimants receive notice after the F.D.I.C. mails it [but that] the 60 days runs from the date of receipt of notice." *Id.* at 516-17.

Thus, for both *Laurenzano* and the Magistrate Judge in this case, the critical

undisputed fact is that Mr. Weaver did not receive the Notice in the mail. Thus, finding the presumption of receipt by proper mailing has been rebutted and the 60-days began on the date of receipt; in this case on September 16, 2009. The Court, having conducted a *de novo* review of the record in this case agrees with the Report and Recommendation's analysis and conclusions and will adopt the same.

    *C.    FIRREA Policy*

The FDIC objects to the Report and Recommendation's conclusions as being contrary to FIRREA's policy underpinnings of enabling the federal government to respond swiftly and effectively to the declining financial condition of the nation's bank and savings institutions by creating an exclusive process for filing, considering, and determination of claims against insolvent banks. (Dkt. No. 51, p. 13.) The Court finds the policies behind FIRREA's enactment are not violated by this ruling as it still requires exhaustion of claims before the FDIC before judicial review can be had and does not disturb the presumption of mailing afforded to the FDIC where it satisfies the notice requirements. The FDIC's contention that it will be required to "prove that each person holding a claim against it received a notice of disallowance" which will flood the courts with litigation goes too far. The burden is not upon the FDIC to prove receipt in order to rebut the presumption of mailing but, instead, upon claimants to do so. Such argument has been raised before by claimants and, undoubtedly, will continue to be raised in the future by claimants. The uniqueness of the particular facts of this case that rebut the presumption make it unlikely that the floodgates will be open for other claimants to raise similar arguments successfully.

**2.**    *Compliance with the 12 U.S.C. § 1821(d)(6)(A)(i) 240-Day Limitations Period*

**Order Adopting Report and Recommendation - 14**

As stated in the Report and Recommendation, "[notwithstanding the 60-day limitations period following FDIC's Notice of Disallowance, FIRREA contains an alternate (whichever occurs first) limitations period, requiring Weaver to file a lawsuit (or continue a previous lawsuit) within 240 days of filing his Proof of Claim." (Dkt. No. 50, p. 15) (citing 12 U.S.C. § 1821(d)(6)(A)(i)); *see also Guglielmi*, 863 F.Supp. at 58-59 ("[F]ailure of the FDIC to send notice would not relieve third-party defendants of the obligation to exhaust administrative remedies."). The FDIC does not object to the Report and Recommendations conclusions regarding this issue. The Court has reviewed the same and is in agreement with the Report and Recommendation's analysis of the issue and will adopt the same.

### 3. *Motion to Modify Court's October 21, 2009 Order*

The FDIC has also filed a Motion seeking to modify the Court's October 21, 2009 Order directing that all dispositive motions shall be filed on or before November 2, 2009. Pursuant to Rule 16(b)(4), the FDIC seeks leave to file a second motion for summary judgment in order to avoid the time and expense of litigating a legal issue that should be resolved on summary judgment, to narrow the issues to be tried, and generally to pursue the interests of judicial economy and resources. To that end, the FDIC has filed its proposed memorandum supporting a second motion for summary judgment. (Dkt. No. 52, Ex. A.)

Rule 16(b)(4) provides that a scheduling orders may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). The Court has conducted a cursory review of the proposed second motion for summary judgment and agrees that good cause is shown to allow such motion to be filed in this matter so as to allow the parties and the Court to rule on any legal questions

**Order Adopting Report and Recommendation - 15**

prior to trial. However, in the interests of fairness, the Court will afford Mr. Weaver the same opportunity to file a dispositive motion. As such, the Court will extend the date for filing dispositive motions in this matter to October 18, 2010. No further extensions of this deadline shall be granted.

## ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that Magistrate Judge Bush's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Bush, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on August 4, 2010, (Dkt. No. 50), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**NOW THEREFORE, IT IS HEREBY ORDERED** Defendant's Motion for Summary Judgment (Dkt. No. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Modify the Court's Order (Dkt. No. 52) is **GRANTED**. The parties shall have until October 18, 2010 in which to file any final dispositive motions in this matter.

DATED: **September 14, 2010**



Honorable Edward J. Lodge
U. S. District Judge

**Order Adopting Report and Recommendation - 16**